UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ESTHER L. CARTER,

    Plaintiff,

v.                                              Civil Action No. 2:21cv625 (EWH)

SENTIENT DIGITAL, INC.,

    Defendant.

## DISMISSAL ORDER

This matter is before the Court on (i) a Motion to Dismiss filed by Defendant Sentient Digital, Inc. ("SDi"), ECF No. 16; and (ii) a request for a subpoena ("Motion for Subpoena") filed by *pro se* Plaintiff Esther L. Carter ("Plaintiff"), ECF No. 15. The Court concludes that oral argument is unnecessary because the facts and legal arguments are adequately presented in the parties' briefs. For the reasons set forth below, SDi's Motion to Dismiss, ECF No. 16, is GRANTED; Plaintiff's Motion for Subpoena, ECF No. 15, is DISMISSED as moot; and this civil action is DISMISSED.

### I.     Relevant Procedural Background

On November 18, 2021, Plaintiff paid the requisite fees and filed an initial Complaint against SDi and one of SDi's employees, Brooke Wojtowicz. Compl., ECF No. 1. Five days later, Plaintiff filed another document with the Court titled, "Complaint," and attached thereto fifty-three pages of exhibits (hereinafter referred to as Plaintiff's "Attachment"). Attach., ECF No. 1-2. Plaintiff did not clearly indicate whether she intended her Attachment to serve as a supplement to her initial Complaint or as an Amended Complaint that would supersede her initial Complaint. *See id.* at 1–59.

SDi and Ms. Wojtowicz filed a Motion to Dismiss. Mot. Dismiss, ECF No. 6. Shortly thereafter, Plaintiff filed a Motion for Subpoena. Mot. Subpoena, ECF No. 7. In a Memorandum Opinion entered on July 18, 2022, the Court determined that neither Plaintiff's Complaint nor Plaintiff's Attachment clearly identified the claims that Plaintiff intended to assert in this action. Mem. Op. at 2, ECF No. 9. In deference to Plaintiff's *pro se* status, the Court *sua sponte* granted Plaintiff leave to file an Amended Complaint to clarify her intentions. *Id.* at 3.; *see* Order at 1, ECF No. 10. The Court stated:

> Plaintiff will be ORDERED to file an Amended Complaint within thirty days. Plaintiff is ADVISED that the Amended Complaint will become the operative complaint in this action. As such, the Amended Complaint must:
>
> (i) be clearly labeled as Plaintiff's Amended Complaint;
> (ii) clearly identify all intended Defendants;
> (iii) clearly state, with specificity, every claim that Plaintiff intends to assert against each Defendant; and
> (iv) clearly set forth all factual allegations upon which each asserted claim is based.

Mem. Op. at 3; Order at 1. Because Plaintiff's Amended Complaint would supersede her initial Complaint, the Court dismissed the pending motions, i.e., SDi and Ms. Wojtowicz's Motion to Dismiss and Plaintiff's Motion for Subpoena, as moot. Mem. Op. at 3–4 (citing *Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001)); Order at 1.

After requesting—and receiving—a deadline extension, Plaintiff filed an Amended Complaint on October 28, 2022, that identifies SDi as the sole defendant in this action.[1] *See* Mot. Extension, ECF No. 11; Order, ECF No. 13; Am. Compl., ECF No. 14. Plaintiff also filed a second Motion for Subpoena. Mot. Subpoena, ECF No. 15. SDi chose not to respond to Plaintiff's Motion

---

[1] The Court notes that Plaintiff's Amended Complaint is unsigned and therefore does not comply with the signature requirement of Rule 11(a) of the Federal Rules of Civil Procedure. Am. Compl. at 5, ECF No. 14; *see* Fed. R. Civ. P. 11(a) (explaining that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name— or by a party personally if the party is unrepresented").

for Subpoena; however, SDi timely moved to dismiss Plaintiff's Amended Complaint. Mot. Dismiss, ECF No. 16. Along with its dismissal motion, SDi provided *pro se* Plaintiff with a proper *Roseboro* Notice pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. *Id.* at 13; *see Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975); *see also* E.D. Va. Loc. Civ. R. 7(K). Plaintiff did not respond to SDi's dismissal motion, and her deadline to do so has expired. SDi's Motion to Dismiss and Plaintiff's Motion for Subpoena are both ripe for adjudication.

## II. Plaintiff's Amended Complaint

Plaintiff's Amended Complaint, like her initial Complaint, is not a model of clarity. On page three of the Amended Complaint, Plaintiff states that this action is before the Court based on diversity jurisdiction and is not based on any federal statutes. Am. Compl. at 3. However, on page four of the Amended Complaint, Plaintiff claims that SDi violated a federal statute, i.e., Title VII of the Civil Rights Act of 1964 ("Title VII"), by "fraudulently manipulat[ing] an assessment in order to discriminate against [Plaintiff]." *Id.* at 4. Plaintiff further claims that SDi "damaged [Plaintiff's] credibility by providing false statements to the Department of Labor/[Equal Employment Opportunity Commission ("EEOC")]." *Id.* Plaintiff attached a separate statement to her Amended Complaint that purports to summarize the factual basis for Plaintiff's claims. *Id.* at 4, 6–7.

In this statement, Plaintiff alleges that she "responded to a job posting for a Software Quality Assurance Analyst position" with SDi on February 28, 2020. *Id.* at 6. Plaintiff alleges that on March 5, 2020 and March 6, 2020, Plaintiff received emails from Ms. Wojtowicz regarding the position, and on March 16, 2020, Ms. Wojtowicz emailed Plaintiff an "Assessment Invitation for Quality Assurance Analyst." *Id.* Plaintiff alleges that she completed and submitted the assessment on the same day that it was received. *Id.*

3

Plaintiff alleges that the assessment consisted of "one test" with "opinion-based questions" that required Plaintiff to react to certain statements such as, "I have never disappointed my parents" and "All people who use drugs should go to jail." *Id.* Plaintiff alleges that "[a]lthough [she] had applied for a technical position," the assessment did not include any questions regarding information technology, math, logic, or verbal skills. *Id.*

Plaintiff alleges that she did not hear back from Ms. Wojtowicz regarding the Software Quality Assurance Analyst position or the assessment. *Id.* Plaintiff alleges that on May 8, 2020, she "emailed Ms. Wojtowicz, questioning the assessment that was emailed to [Plaintiff]." *Id.* Plaintiff appears to allege that she filed a Charge of Discrimination with the EEOC against SDi on December 21, 2020. *Id.* at 7. Plaintiff suggests that she filed the EEOC Charge because she believed that the assessment that she was required to submit in connection with her job application did not comply with the EEOC's guidance regarding job applicant testing. *Id.* (summarizing the EEOC's position that "[i]f an employer requires job applicants to take a test, the test must be necessary and related to the job and the employer may not exclude people of a particular race, color, religion, sex (including gender identity, sexual orientation, and pregnancy), national origin, or individuals with disabilities"). Specifically, Plaintiff alleges that "the 'test' contained not technical questions but a series of arbitrary, opinion-based questions that could not have a logical answer." *Id.* Additionally, Plaintiff alleges that "Ms. Wojtowicz later claimed that [Plaintiff] had completed" "additional tests"; however, Plaintiff disputes Ms. Wojtowicz's claims and maintains that "there was only one test within the link emailed to [Plaintiff]." *Id.*

Based on Plaintiff's allegations, the Court liberally construes Plaintiff's Amended Complaint as asserting the following claims against SDi: (i) a fraud claim under Virginia law; (ii) a disparate treatment discrimination claim under Title VII based on SDi's failure to hire Plaintiff; and (iii) a disparate impact discrimination claim under Title VII.

### III. SDi's Motion to Dismiss

#### A. Standard of Review Under Federal Rule 12(b)(6)

SDi seeks dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Federal Rule 12(b)(6) should be granted if a complaint fails to "allege facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "Although the truth of the facts alleged is assumed, courts are not bound by the 'legal conclusions drawn from the facts' and 'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court is required to liberally construe complaints filed by *pro se* litigants; however, the Court "cannot act as a *pro se* litigant's 'advocate and develop, *sua sponte*, . . . claims that the [litigant] failed to clearly raise on the face of [the] complaint.'" *Bolton v. Chesterfield Cnty. Sch. Bd.*, No. 3:19cv558, 2020 U.S. Dist. LEXIS 177072, at *5 (E.D. Va. Sept. 25, 2020) (alterations in original) (citation omitted); *see Jackson v. Wilhelm Rest. Grp., Inc.*, No. 1:22cv165, 2022 U.S. Dist. LEXIS 61093, at *5 (E.D. Va. Mar. 30, 2022) (explaining that a court's requirement to liberally construe a *pro se* complaint "neither excuses a *pro se* plaintiff of his obligation to 'clear the modest hurdle of stating a plausible claim' nor transforms the court into his advocate" (citation omitted)).

### B. Analysis

As noted above, the Court construes Plaintiff's Amended Complaint as asserting a state law fraud claim and Title VII discrimination claims against SDi. *See supra* Part II. The Court will address Plaintiff's claims, in turn, below.

#### 1. Plaintiff's Fraud Claim

To state a claim for fraud under Virginia law, a plaintiff must allege facts sufficient to show "(1) a false representation; (2) of a material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the party misled; and (6) resulting damage to the party misled." *Mizell v. Sara Lee Corp.*, No. 2:05cv129, 2005 U.S. Dist. LEXIS 36988, at *21 (E.D. Va. June 9, 2005). Notably, "the elements and facts in support of fraud must be pled with particularity," and "[c]onclusory statements are insufficient to establish the elements necessary for fraud." *Noell Crane Sys. GmbH v. Noell Crane & Servs.*, 677 F. Supp. 2d 852, 872 (E.D. Va. 2009); *see* Fed. R. Civ. P. 9(b) (requiring that fraud claims "state with particularity the circumstances constituting fraud").

In its Motion to Dismiss, SDi argues that Plaintiff "does not elaborate as to what she believes SDi did that was fraudulent or what statements it provided to the EEOC that she contends [were] false." Mem. Supp. Mot. Dismiss at 4, ECF No. 16. SDi further argues that Plaintiff has failed to plead her fraud claim with the requisite specificity. *Id.* at 5. For these reasons, SDi argues that Plaintiff's fraud claim should be dismissed under Federal Rule 12(b)(6) for failure to state a claim on which relief may be granted.[2] *Id.* at 3–5.

Upon review, the Court finds that Plaintiff's fraud claim cannot survive SDi's challenge under Federal Rule 12(b)(6). Specifically, the Court finds that Plaintiff's Amended Complaint does

---

[2] As noted above, Plaintiff did not file a response to SDi's Motion to Dismiss, despite receiving a proper *Roseboro* Notice. *See* Mot. Dismiss at 13, ECF No. 16; *see supra* Part I.

not allege facts sufficient to show that SDi intentionally and knowingly made a materially false representation, with the intent to mislead, or that Plaintiff suffered damages as a result of any reliance on such representation. *See* Am. Compl. at 1–7; *see also Mizell*, 2005 U.S. Dist. LEXIS 36988, at *21. Additionally, the Court finds that Plaintiff's generalized allegations of fraud do not satisfy the particularity requirement imposed by Federal Rule 9(b). *See* Fed. R. Civ. P. 9(b). Accordingly, SDi's Motion to Dismiss, ECF No. 16, is GRANTED as to Plaintiff's fraud claim.

### 2.     Plaintiff's Title VII Claims

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). There are two types of actionable discrimination claims under Title VII: disparate treatment claims and disparate impact claims. *Abdus-Shahid v. Mayor & City Council of Balt.*, 674 F. App'x 267, 274 (4th Cir. 2017). Disparate treatment claims are commonly referred to as intentional discrimination claims. *Id.* To state a claim for disparate treatment discrimination in the failure to hire context, a plaintiff must allege facts sufficient to show that (i) "she applied for an open position, (ii) she was qualified for the position, and (iii) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Jackson v. Girl Scouts Council of Colonial Coast*, No. 4:18cv129, 2019 U.S. Dist. LEXIS 250684, at *13–14 (E.D. Va. Dec. 19, 2019).

Disparate impact discrimination covers "practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities." *Wilkins v. Tran*, No. 3:20cv842, 2021 U.S. Dist. LEXIS 102980, at *5 (E.D. Va. June 1, 2021) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)). To state a claim for disparate impact discrimination, a plaintiff must allege "the presence of a facially-neutral employment practice that as implemented treats protected

groups of people worse than others." *Wilson v. City of Chesapeake*, No. 2:16cv711, 2017 U.S. Dist. LEXIS 217602, at *7 (E.D. Va. May 26, 2017) (quoting *Earl v. Norfolk State Univ.*, No. 2:13cv148, 2014 U.S. Dist. LEXIS 88652, at *30–31 (E.D. Va. June 26, 2014)).

SDi argues that Plaintiff's Amended Complaint fails to state any plausible claim for disparate treatment discrimination under Title VII. Mem. Supp. Mot. Dismiss at 9–12. Specifically, SDi argues that Plaintiff "fails to allege facts suggesting that [SDi] treated her differently because of her race, sex, age, or religion." *Id.* at 9. SDi further argues:

> [Plaintiff] does not allege a discriminatory motive. . . . Assuming SDi required [Plaintiff] to take a test as a condition of employment and that the test was arbitrary, and assuming further that [Plaintiff] did not have her questions about the test answered to her satisfaction, there is a missing link in her allegations: she never alleges that [SDi] made her take the test because of her race or sex or age; or that [SDi] graded the test or manipulated her results more severely because of her race or sex or age. [Plaintiff] never alleges facts associated with a discriminatory intent or motive on the part of [SDi]. Therefore, her disparate treatment claim fails.

*Id.* at 9–10.

Upon review, the Court finds that Plaintiff has not adequately alleged that SDi intentionally discriminated against Plaintiff on the basis of any characteristic that is protected by Title VII.[3] *See* Am. Compl. at 1–7; *see also* 42 U.S.C. § 2000e-2(a)(1). Thus, the Court finds, in general, that Plaintiff's Amended Complaint fails to state any plausible disparate treatment discrimination claims against SDi. Additionally, the Court specifically finds that Plaintiff's discriminatory failure to hire claim necessarily fails because Plaintiff has not alleged facts sufficient to show that Plaintiff was qualified for the position in question or that she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *See* Am. Compl. at 1–7; *see also Jackson*, 2019 U.S. Dist. LEXIS 250684, at *13–14.

---

[3] The Court notes that Plaintiff's Amended Complaint does not even identify the protected group to which Plaintiff belongs that entitles her to protection under Title VII. *See* Am. Compl. at 1–7, ECF No. 14.

The Court further finds that Plaintiff has not stated any plausible disparate impact discrimination claims against SDi. Although Plaintiff alleges that SDi required her to complete an assessment that contained arbitrary questions that were unrelated to the job for which Plaintiff applied, Plaintiff does not allege—or even suggest—that the nature of the assessment had any disparate impact on applicants who belong to a protected class under Title VII. *See* Am. Compl. at 1–7; *see also Wilson*, 2017 U.S. Dist. LEXIS 217602, at *7.

Accordingly, SDi's Motion to Dismiss, ECF No. 16, is GRANTED as to Plaintiff's Title VII claims.

### IV. Plaintiff's Motion for Subpoena

Plaintiff filed a Motion for Subpoena, in which Plaintiff asks the Court to issue a third party subpoena "so [Plaintiff] may obtain technical documentation from Criteria Corporation in reference to the data transfer of an assessment(s) that was emailed to [Plaintiff] on March 16, 2020." Mot. Subpoena at 1, ECF No. 15.

As explained herein, the Court has determined that Plaintiff's Amended Complaint fails to state any claim for relief against SDi that is plausible on its face and has granted SDi's Motion to Dismiss. *See supra* Part III. Because this action is hereby dismissed in its entirety, Plaintiff's Motion for Subpoena, ECF No. 15, is DISMISSED as moot.

### V. Conclusion

For the reasons set forth above, SDi's Motion to Dismiss, ECF No. 16, is GRANTED; Plaintiff's Motion for Subpoena, ECF No. 15, is DISMISSED as moot; and this civil action is DISMISSED.

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty days of the date of entry of

this Dismissal Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* shall be submitted to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is DIRECTED to send a copy of this Dismissal Order to Plaintiff and counsel for SDi.

It is SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: July 5, 2023